UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JACK and ROSEANNE GOODMAN, )<br>as statutory representatives and parents )<br>of MATTHEW GOODMAN, deceased, )<br>　　　　　　　　　　　　　　　　　　　) <br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　　　　)<br>UNIVERSAL HEALTH SERVICES, INC., a )<br>foreign corporation and UHS of LAKESIDE, LLC, )<br>d/b/a LAKESIDE BEHAVIORAL HEALTH )<br>SYSTEMS, a foreign limited liability corporation, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　Defendants. ) | No. 2:10-cv-02079-tmp<br>JURY DEMANDED |

_____

**ANSWER OF DEFENDANTS TO PLAINTIFFS' SECOND AMENDED COMPLAINT**
_____

Come now Defendants Universal Health Services, Inc. and UHS of Lakeside, LLC d/b/a Lakeside Behavioral Health System, and submit their Answer to Plaintiffs' Second Amended Complaint. Plaintiffs amended their original Complaint two times before a responsive pleading was due; thus, Defendants are responding only to the allegations contained in the Second Amended Complaint on the basis that the substantive allegations contained therein appear to be identical to those in the Amended Complaint.

### **FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendant Universal Health Services, Inc.

08538-66594

## SECOND DEFENSE

No employee or agent of Defendant Universal Health Services, Inc. rendered any care or treatment to Matthew Goodman, or had any involvement whatsoever in Matthew Goodman's care, during his admissions at Lakeside Behavioral Health System. Thus, Universal Health Services, Inc. is not a proper party to this litigation and should be dismissed accordingly.

## THIRD DEFENSE

Plaintiffs have failed to comply with the notice requirements contained in Tenn. Code Ann. § 29-26-121 with respect to Defendant Universal health Services, Inc. Thus, Plaintiff's cause of action against Universal health Services, Inc. should be dismissed accordingly.

## FOURTH DEFENSE

Defendants respond to the allegations contained in the Second Amended Complaint paragraph by paragraph as follows (Defendants also rely upon these responses with respect to the allegations contained in the Complaint and Amended Complaint):

1. With respect to the allegations contained in paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether the parties are residents of different states. It is denied that Defendants or any of their employees or agents are guilty of professional negligence with regard to the care of Matthew Goodman. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether the Court has jurisdiction over this action, although it is admitted that Shelby County, Tennessee is the appropriate venue. The remaining allegations contained in paragraph no. 1 are denied.

08538-66594

     2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph no. 2. With respect to the allegations contained in the last sentence of paragraph no. 2, it is denied that Defendants have any liability to the Plaintiffs under the Tennessee Wrongful Death Statute, Tenn. Code Ann. § 20-5-106, *et seq.*

     3.     The allegations contained in the first two sentences of paragraph no. 3 are admitted.  The allegations contained in the last sentence of paragraph no. 3 are denied.

     4.     With respect to the allegations contained in paragraph no. 4, it is admitted that UHS of Lakeside, LLC is a limited liability company formed in Delaware and that it does business as Lakeside Behavioral Health System, which is located in Bartlett, Tennessee. It is further admitted that Lakeside Behavioral Health System provides treatment for mental health disorders.  The remaining allegations contained in paragraph no. 4 are denied.

     5.     With respect to the allegations contained in paragraph no. 5, it is denied that UHS of Lakeside, LLC or any of its employees or agents were guilty of any medical negligence with respect to the care of Matthew Goodman, and it is denied that the Defendants have any liability to the Plaintiffs under the statute cited.

     6.     The allegations contained in paragraph no. 6 are admitted with respect to Lakeside Behavioral Health System but are denied with respect to Defendant Universal Health Services, Inc.

     7.     It is admitted that a Certificate of Good Faith is attached to the Second Amended Complaint.

     8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 8.

08538-66594

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 9.

10. With respect to the allegations contained in paragraph no. 10, it is admitted, upon information and belief, that Matthew Goodman was involved in an automobile accident in 2003 in which he sustained injuries and that he had chronic pain in his right scapula, shoulder, neck, and back. It is further admitted, upon information and belief, that Matthew Goodman under went medical treatment, including pain management, for said injuries. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 12.

13. The allegations contained in the first sentence of paragraph no. 13 are admitted. The allegations contained in the second sentence of paragraph no. 13 are denied.

14. Denied.

15. With respect to the allegations contained in paragraph no. 15, it is admitted that Matthew Goodman's attending physician, Dr. Paul Clein, made the decision to discharge Mr. Goodman from Lakeside on March 2, 2009 and that he was actually discharged on that date. The remaining allegations contained in paragraph no. 15 are denied.

08538-66594

    16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 16.

    17.    With respect to the allegations contained in the first sentence of paragraph no. 17, Defendants are without knowledge or information sufficient to form a belief as to how long Mr. Goodman had been at Methodist Hospital prior to his transfer to Lakeside on March 5, 2009.  With respect to the remaining allegations contained in paragraph no. 17, it is admitted that Matthew Goodman was admitted to Lakeside by Dr. Daniel Boyd and that a "High Risk Notification Alert" was placed in his chart.

    18.    With respect to the allegations contained in paragraph no. 18, it is admitted that Matthew Goodman's attending physician, Dr. Daniel Boyd, made the decision to discharge Mr. Goodman from Lakeside and that he was discharged on March 12, 2009, with instructions to attend outpatient group therapy for the following week.

    19.    With respect to the allegations contained in paragraph no. 19, it is admitted that Dr. Boyd re-admitted Matthew Goodman to Lakeside on March 14, 2009 from the partial (outpatient) program.  The remaining allegations contained in paragraph no. 19 are denied.

    20.    The allegations contained in the first sentence of paragraph no. 20 are admitted.  The allegations contained in the second sentence of paragraph no. 20 are denied.

    21.    With respect to the allegations contained in paragraph no. 21, it is admitted that Matthew Goodman was admitted to the West Unit at Lakeside Behavioral Health System at approximately 2:00 p.m. on March 14, 2009.  It is also admitted that Carey White

08538-66594

was the community counselor who performed the contraband search and took Matthew to his room. The remaining allegations contained in paragraph no. 21 are denied.

22. With respect to the allegations contained in the first sentence of paragraph no. 22, it is admitted that Carey White was an employee of Lakeside Behavioral Health System during the time period relevant to this litigation but denied that he was an employee of Universal Health Services. With respect to the allegations contained in the second sentence of the paragraph no. 22, it is denied that Mr. White was guilty of any negligent acts or omissions with respect to his duties concerning Matthew Goodman. It is admitted that Mr. White was acting within the scope of his employment with Lakeside Behavioral Health System at the time of his encounter(s) with Matthew Goodman. The remaining allegations contained in paragraph no. 22 are denied.

23. With respect to the allegations contained in the first sentence of paragraph no. 23, it is denied that Matthew Goodman was wearing a belt at the time that he was admitted to the West Unit at Lakeside Behavioral Health System on March 14, 2009. When he was admitted to Lakeside, Matthew Goodman was searched for a belt, and no belt was found. With respect to the second sentence contained in paragraph no. 23, it is admitted that a belt is considered a "contraband item" when a patient is being admitted at Lakeside.

24. With respect to the allegations contained in paragraph no. 24, it is denied that Matthew Goodman was wearing a belt at the time that he was admitted to the West Unit at Lakeside on March 14, 2009. Matthew Goodman was searched upon admission, and no belt was found. Therefore, the remaining allegations contained in paragraph no. 24 are denied.

08538-66594

    25.    With respect to the allegations contained in paragraph no. 25, it is admitted that Matthew Goodman was not kept under continuous observation during his admission at Lakeside because continuous observation was not ordered by his attending physician.

    26.    With respect to the allegations contained in paragraph no. 26, it is admitted that at approximately 7:00 p.m. on March 14, 2009, Matthew Goodman was found hanging from a bathroom door with a belt around his neck and did not appear to be breathing. It is further admitted that Matthew Goodman had not been under continuous observation prior to being found because continuous observation had not been ordered by his attending physician. Mr. Goodman had been checked regularly by Lakeside staff in accordance with Matthew Goodman's attending physician's orders.

    27.    Denied.

    28.    The allegations contained in paragraph no, 28, including all subparts thereof, are denied.

    29.    Denied.

    30.    Denied.

    31.    Denied.

    32.    Denied.

    33.    Denied.

    34.    Denied.

    35.    Denied.

    36.    The allegations contained in the first sentence of paragraph no. 36 are denied. With respect to the allegations contained in the second sentence of paragraph no.

08538-66594

36, it is denied that Plaintiffs have suffered a loss of consortium or any other losses of any kind as a result of Defendants' conduct.

37. With regard to Plaintiff's prayer for relief, it is denied that Plaintiffs are entitled to the relief requested or to any other damages of any kind from the Defendants.

38. All allegations in the Second Amended Complaint not heretofore admitted, denied, or otherwise addressed, are hereby set forth and specifically denied.

39. A jury is demanded.

## FIFTH DEFENSE

All of the nurses and other employees of Lakeside Behavioral Health System who rendered care to Matthew Goodman during his admission at Lakeside complied with the recognized standard of acceptable professional practice required of them at all times relevant to this litigation.

## SIXTH DEFENSE

No alleged acts or omissions on the part of the Defendants, their employees or agents caused or contributed to any injury to Matthew Goodman or to his death.

## SEVENTH DEFENSE

Matthew Goodman's death was the result of his own independent, intervening, and intentional act of committing suicide.

## EIGHTH DEFENSE

If the facts as developed during discovery or trial support the their that a later, independent, intervening or superseding cause produced injuries or damages to the Plaintiffs which were not brought about by the original acts or omissions of Defendants,

08538-66594

which did not naturally flow from them, and were not reasonably foreseeable, Defendants will rely upon this theory as a defense.

### NINTH DEFENSE

It is the duty of a patient to follow all reasonable and proper advice and instructions given him by his physician and other medical providers regarding his care, activities, and treatment. The patient alone is liable for any injury proximately resulting from the negligent failure of the patient to do so.

### TENTH DEFENSE

Lakeside Behavioral Health System is not an insurer of patient safety but is required only to exercise reasonable care under the circumstances to prevent injuries to its patients.

### ELEVENTH DEFENSE

The claim for Punitive damages must be bifurcated as mandated by *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992).

If permitted, Plaintiffs' claim for punitive damages is limited and restricted by the holding of the United States Supreme Court in the case of *State Farm Mutual Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

### TWELFTH DEFENSE

In connection with Plaintiffs' claim for punitive damages, Tennessee law is vague and, therefore, the imposition of punitive damages in this case would violate Defendants' constitutional rights under the due process clause of the Fourteenth Amendment of the United States Constitution and the due process provisions of Tennessee's Constitution.

08538-66594

### THIRTEENTH DEFENSE

In regard to Plaintiffs' claim for punitive damages, Tennessee's application of that law is void and in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and Tennessee's Constitution; therefore, this Court cannot submit the issue of punitive damages to the jury even if the evidence otherwise warrants such submission (although Defendants deny there are facts that warrant the submission of the issue of damages to the jury as to it).

### FOURTEENTH DEFENSE

In regard to Plaintiffs' claim for punitive damages, Defendants aver that the imposition of punitive damages against them under the law of Tennessee concerning punitive damages and the application of that law would violate their rights not only under the due process clause, but also the equal protection guaranteed by the Fourteenth Amendment to the United States Constitution and/or the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution, and also the provisions of the Tennessee Constitution providing for due process, equal protection and guarantee against double jeopardy.

### FIFTEENTH DEFENSE

The nurses and other employees of Lakeside Behavioral Health System are prohibited from practicing medicine and cannot make decisions regarding a patient's medical treatment. Dr. Daniel Boyd was Matthew's attending physician during his March 14, 2009 admission at Lakeside and made the decision regarding the level (or frequency) of observation that was appropriate in Matthew Goodman's case. Lakeside's staff carried out Dr. Boyd's orders and, therefore, cannot be held responsible for any injuries that

08538-66594

allegedly occurred as a result of the level of observation under which Mr. Goodman was placed.

### SIXTEENTH DEFENSE

On or about July 7, 2003, Matthew Goodman was involved in an auto accident in which either he and/or the other driver, Richard Friedman, were negligent.  As a result of said negligence, Mr. Goodman suffered significant personal injuries, including but not limited to, injuries to his right scapula, shoulder, neck, and back that resulted in Matthew Goodman experiencing chronic pain which required him to undergo continuing medical treatment including pain management.  Said injuries also resulted in Matthew Goodman's inability to work, depression, and other emotional problems that impaired his ability to continue in law school and required mental health treatment.  Defendants assert the comparative fault of Matthew Goodman and/or Richard Friedman on the basis that his/their negligence caused the injuries and damages described hereinabove.  Defendants cannot be held liable for any injuries which resulted from the wreck that Matthew Goodman and/or Richard Friedman caused.

Now, having answered the Second Amended Complaint filed against them, Defendants ask that the action be dismissed, at Plaintiffs' costs, and that Defendants recover their costs and all other relief to which this Court finds them entitled.

08538-66594

          Respectfully submitted,

          RAINEY, KIZER, REVIERE & BELL, P.L.C.

BY:    /s/ Marty R. Phillips_____
       MARTY R. PHILLIPS (BPR #14990)
       ASHLEY D. CLEEK (BPR #23562)
       105 South Highland Avenue
       P. O. Box 1147
       Jackson, TN 38302-1147
       (731) 423-2414
       mphillips@raineykizer.com
       acleek@raineykizer.com

       Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been served upon the other parties' counsel of record via the Court's electronic filing system:

Tim Edwards (BPR # 05353)
tedwards@gewwlaw.com
Edwin Wallis III (BPR # 23950)
ewallis@gewwlaw.com
Glassman, Edwards, Wade and Wyatt, P.C.
26 N. Second Street
Memphis, TN 38103
(901) 527-4673

This the 8th day of March, 2010.

                    /s/ Marty R. Phillips_____
                    Marty R. Phillips